UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
GREGORY SCOTT SHEPHARD,
        Debtor.                                    No. 7-06-12165 SA
_____

In re:
MARK DAVID COTTOM,
        Debtor.                                    No. 7-06-12176 SA
_____

## MEMORANDUM OPINION ON EXEMPTIONS

These matters are before the Court on the Trustee's
objection to each listed Debtor's claim of homestead exemption.
The parties stipulated to the facts and have submitted briefs.
The Court has reviewed the submissions and now issues this
Memorandum Opinion.  The Court has subject matter and personal
jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a
core proceeding pursuant to 28 U.S.C. §157(b)(2)(B); and these
are findings of fact and conclusions of law as required by Rule
7052 F.R.B.P.

## FACTS

The parties stipulated to the following facts:

1.   Marc David Cottom ("Cottom") filed a voluntary chapter 7
petition on November 21, 2006.

2.   Gregory Scott Shephard ("Shephard") filed a voluntary
chapter 7 petition on November 21, 2006.

3.   Cottom and Shephard are general partners in a general partnership formed under California law, Amador Nursey & Design ("Amador"), on October 29, 2003.

4.   Amador also filed a voluntary chapter 7 proceeeding on November 21, 2006, case 7-06-12177-SA.

5.   On the date of the petition, Amador owned real property located at 11142 Ridge Road, Sutter Creek, California, 85685 ("Subject property").[1]

6.   Both Cottom and Shephard filed Schedules C on January 3, 2007, each listing the Subject property as a Schedule A asset worth $375,000 and claiming an exemption of $50,000 under California law.

7.   Both Cottom and Shephard filed amended Schedules A on February 5, 2007 in which each changes Schedule A to list one-half of an undivided interest in the Subject property with a value in the amount of $700,000.00.

8.   Both Cottom and Shephard filed amended Schedules B on February 5, 2007 in which each changes schedule B to list a general partnership interest in Amador, valued at $1.00.

9.   Both Cottom and Shephard filed amended Schedules C on February 5, 2007 in which no change to schedule C was made except

---

[1] That the individual Debtors in 2003 created the partnership to hold the Subject property at the insistence of the lending (and now foreclosing) bank is irrelevant.  The Debtors cited this fact more out of wistfulness than relevance.

Page -2-

to add exemptions for household goods valued at $1,000.00 and clothing valued at $300.00.

10. Both Cottom and Shephard lived in the Subject property from July 2001 until September 6, 2006, when they moved to New Mexico.

11. The Court notes that there is no stipulation that anyone recorded a homestead declaration.

**DISCUSSION**

1. Section 541 creates the bankruptcy estate. It provides, in part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

2. Section 522 allows a debtor exemptions. It provides, in part:

> (b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt <u>from property of the estate</u> the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection.

(Emphasis added.) Therefore, only property that has entered the estate can be exempted. <u>See</u> <u>Owen v. Owen (In re Owen)</u>, 500 U.S. 305, 308 (1991)("No property can be exempted (and thereby immunized), however, unless if first falls <u>within</u> the bankruptcy estate.")(Emphasis in original). <u>See also</u> <u>Novak v. Woodin (In re Woodin)</u>, 294 B.R. 436, 439 (Bankr. D. Conn. 2003)(A purported exemption of non-estate property is a "nullity.")

Page -3-

3.   Under California law, a partnership is an entity separate and distinct from its partners.  Cal. Corporations Code § 16201. And, a partner is not a co-owner of partnership property and has no interest in partnership property that can be transferred, either voluntarily or involuntarily.  Id. § 16501.  The only transferable interest of a partner in the partnership is the partner's share of profits and losses and the partner's right to receive distributions.  Id. § 16502.  The partner's interest is personal property.  Id.  See also Tinseltown Video, Inc. v. Transportation Ins. Co., 61 Cal.App.4th 184, 196, 71 Cal.Rptr.2d 371, 378-79 (1998).  The only way a judgment creditor of a partner may satisfy a judgment out of the judgment debtor's transferable interest in a partnership is through a charging order. Cal. Corporations Code § 16504.

4.   When Cottom and Shephard filed their chapter 7 cases, their partnership interests became estate property under section 541. The individual partnership assets remained in the partnership and did not become assets of the partners' bankruptcy estates.  See In re Toledo, 170 F.3d 1340, 1348 (11th Cir. 1999):

> The distinction between property belonging to a
> partnership of which the debtor was partner, and
> property belonging to the debtor-partner, is
> well-established in bankruptcy law.  See McGahren v.
> First Citizens Bank & Trust Co. ( In re Weiss ), 111
> F.3d 1159, 1166 (4th Cir.), cert. denied, 522 U.S. 950,
> 118 S.Ct. 369, 139 L.Ed.2d 287 (1997); In re Palumbo,
> 154 B.R. 357, 358 (Bankr. S.D. Fla. 1992) (noting, with
> regard to a partner who had a 97% interest in a
> partnership and claimed that foreclosure on the

Page -4-

partnership property violated the automatic stay, that
"it is firmly established that the assets of a
partnership are not to be administered in a partner's
bankruptcy proceeding since a partnership is a separate
entity from its partners under bankruptcy law" ); In re
Funneman, 155 B.R. 197, 199 (Bankr. S.D. Ill. 1993)
("[I]t is well settled that assets owned by a
partnership are not included in the bankruptcy estate
of the individual partner.  The only partnership
property before the court during an individual's
bankruptcy is the partner's personal property interest
in the partnership, which consists of the individual's
interest, if any, in the partnership assets after an
accounting and payment of partnership debts out of the
property belonging to the partnership.").

See also Connolly v. Nuthatch Hill Assoc. (In re Manning), 831

F.2d 205, 207 (10th Cir. 1987)(bankruptcy trustee of partner

cannot sell partnership assets).  Therefore, the real property

was never property of the estate, and the Debtors may not exempt

it.  Accord In re Lyle, 355 B.R. 161, 164 (Bankr. D. Az. 2006);

In re Hale, 2004 WL 4960381, *3 (Bankr. D. Idaho 2004); Lampe v.

Williamson (In re Lampe), 331 F.3d 750, 756 (10th Cir. 2003)

(applying Kansas law.); In re Monsivais, 274 B.R. 263, 265

(Bankr. W.D. Texas 2002); In re Burnett, 241 B.R. 438, 440

(Bankr. E.D. Ark. 1999); In re Cooper, 128 B.R. 632, 636 (Bankr.

E. D. Texas 1991); In re Russell, 80 B.R. 662, 665 (Bankr. D. Vt.

1987); Dixon v. Koplar, 102 F.2d 295, 298 (8th Cir. 1939)

(applying Missouri law); In re Corbett, 6 F.Cas. 528, 529 (D.

Nev. 1878).

5.   Debtors argue that they have sufficient equitable interests

in the Subject property to allow the homestead exemption, citing

Nesset v. Blueher Lumber Co. (In re Nesset), 33 B.R. 326, 327
(Bankr. D. N.M. 1983)("[D]ebtors are entitled to the New Mexico
homestead exemption because equitable as well as legal owners of
real property are entitled to claim the exemption.") The Court
disagrees.  A partnership is not a trust.  In the trust context,
by definition a trustee holds legal title to a property for the
benefit of the beneficiary who holds equitable title.  In a
partnership, the partnership owns the entirety of the asset; all
that the partners hold are their interests in the partnership,
which are personal property.  The partners have no identifiable
interest in any specific piece of partnership property.  See
North Coast Business Park v. Superior Court, 158 Cal.App.3d 858,
860, 205 Cal.Rptr. 81, 82 (1984)(individual partners had no
interest in partnership land that could support the filing of a
notice of lis pendens).  There is no question that the Debtors
may exempt their partnership interests, but that is not real
estate.

6.  The Court also finds that Debtors are not entitled to claim
a California homestead exemption.  California has two types of
homestead exemptions, a "declared homestead" and an "automatic
homestead."  See In re Mulch, 182 B.R. 569, 572 (Bankr. N.D. Cal.
1995).  The former must be recorded.  Id. at n.4.  In this case,
we have no evidence or stipulation that a homestead was recorded
in the county recorder's office.  The "automatic homestead" has a

Case 06-12176-s7   Doc 38   Filed 05/07/07   Entered 05/07/07 16:29:59 Page 6 of 8

"continuous residence" requirement[2]. <u>Id.</u> <u>See also</u> <u>Kelley v. Locke (In re Kelley)</u>, 300 B.R. 11, 21 (9th Cir. BAP 2003). Debtors were not living in the property on the day they filed bankruptcy. Rather, they were living and working in New Mexico for an indefinite time with a vague notion that they might one day return to California. <u>Compare</u> <u>Redwood Empire Production Credit Ass'n v. Anderson (In re Anderson)</u>, 824 F.2d 754, 756 (9th Cir. 1987)(only temporary absences like a vacation or hospital stay are excusable under the California homestead statutes). The Court finds that this does not qualify for the automatic homestead exemption.

**<u>CONCLUSION</u>**

The Court will enter Orders sustaining the Trustee's objections to the Debtors' claim of homestead exemption.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640

_____

[2]In contrast, the declared homestead requires residence to establish it, but moving away does not necessarily destroy the exemption. <u>Webb v. Trippet</u>, 235 Cal.App.3d 647, 651, 286 Cal.Rptr. 742 (1991).

Page -7-

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
PO Box 216
Albuquerque, NM 87103-0216


Philip J. Montoya
Trustee
PO Box 159
Albuquerque, NM 87103